East'n District.                *MAXWELL & AL.* vs. *GUNN.*
*Feb.* 1824.

MAXWELL             APPEAL from the court of the third district.
*vs.*
GUNN                     PORTER, J. delivered the opinion of the

A creditor   court    This action was commenced by at-
may use all le-
gal means a-  tachment againt the defendant, on a note drawn
gainst any of
his debtors *in* in the following words.
*solido.*
A fact, ad-    The first day of January next, I promise to
ded by the  pay Thomas Phillips, or order, six hundred
party, answer-
ing interroga- dollars, negotiable and payable in St. Francis-
tories, to his
answer, is not ville branch bank.
to be stric en
out because not      (Signed)                 Henry Flower,
called for, by
the interroga-                                 Jesse W. Gunn.
tory.
                 St. Francisville, January 9, 1823.

                     The attachment was, on motion of the de-
                 fendant, dissolved by the judge of he first in-
                 stance; no reasons are given in the opinion for
                 the decision, and we are unable to see, on what
                 grounds it is formed   The principal reason
                 that has been urged here is, that it appears, by
                 the note, that the debtor was only surety for
                 Flower, the principal obligor, and that, ad-
                 mitting him to be bound *in solido*, it appears
                 by the answer of the petitioner to certain in-
                 terrogatories propounded, that the other obli-
                 gor, Flower, was in good circumstances and
                 able to pay the note, and that, consequently,

this remedy, which is given to creditors of suing, and seizing the property of their debtor, before his obligation falls due, was improperly exercised in this case.

East'n District.
Feb. 1824.

MAXWELL
vs.
GUNN

The obligation on the face of it does not import that the defendant was surety, and the answer of the plaintiff to the interrogatories, (which, for the purpose of this enquiry, must be taken as true,) states on the contrary that the debt was due by Gunn, and that Flower was surety. We therefore think the attachment was properly taken out. As to the objection that there was an other person, bound with the defendant, who was in solvent circumstances, we think little or no weight can be attached to it. The creditor has a right to resort to any of the debtors *in solido* for payment, and it follows that he has a right to use all legal means to inforce payment from the debtor he selects: and the enquiry here must be would the permanent removal of the defendant have defeated the pursuit of the plaintiff against *him*, not whether it would or would not affect his recourse against his co-debtor. To hold that the circumstance of the last being solvent, destroys he right of the petitioner to secure the means of being paid by the other,

East'nDistrict.
Feb.1824.

MAXWELL
vs.
GUNN

would in truth, be defeating that election which the law has conferred on creditors, and which it preserves to them, even after a suit has been commenced against one of the co debtors *Civil Code*, 280, *art.* 104.

Being of opinion, therefore, that the attachment was improperly dissolved, it only remains to examine whether the judge decided correctly on the exceptions filed to the answers made by the plaintiff to the defendant's interrogatories.

The first interrogatory is answered correctly. So we think is the second. It is in these words "are you not now well *satisfied* by the information of Thomas Phillips, of whom you received the note, that Henry Flower gave the said note, in payment of a debt he owed to Jesse W. Gunn, or to said Gunn and his wife." The answer is, "that he has heard different stories on the subject, and cannot now say that he has an opinion about it." The exception filed to this reply is that, the defendant intended to enquire whether the plaintiff was not satisfied by information, given him by Phillips the payee, and that the question is evaded. We think differently. The interrogatory is not to a particular fact, but to the

conclusion formed in the plaintiff's mind, on a statement made by a particular person. This he negatives; for, in saying that he has *no opinion* formed on the matter, he virtually declares that he is *not satisfied from any source*, that the fact was, as the defendant alleged. It is true that he does not state that this want of any positive opinion arises from Phillips's declarations. But whether Phillips gave the information or not, is immaterial; for the interrogatory was not as to his statement, but as to the opinion the petitioner had formed on it.

East'nDistrict
Feb. 1824.

MAXWELL
vs.
GUNN

The answer to the third interrogatory is not excepted to. The fourth in substance, enquires whether Flower, the co-obligor, was not able to pay the debt, and whether, if the defendant was ever out of the state, Flower's means were not sufficient. In the concluding part of his reply to these questions, the plaintiff after stating that Flower was, adds, "but considering his situation as surety, I chose to take the course I did." It is objected that this was not called for by the interrogatory, and ought to be stricken out. An objection similar to this was made in the case of *Bradford's heirs vs. Brown,* an overruled; our code has provided that a judicial confession cannot be divided,

and the equity of such a rule appears to us as strong as the law is positive. *Civil Code*, 314 a 257, 11 *Martin*, 222.

It is therefore ordered, adjudged, and decreed, that the judgment of the district court be annulled, avoided, and reversed, and it is further ordered, adjudged, and decreed that the case be remanded for a new trial, and that the appellee pay costs of appeal.

*Watts & Lobdell* for the plaintiff, ————— for the defendant.